ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA             :

       - v. -                        :     **SEALED**
                                      :     **INDICTMENT**
                                      :
CHRISTOPHER MICHAEL COKE,            :     S15 07 Cr. 971 (RPP)
 a/k/a "Michael Christopher Coke,"  :
 a/k/a "Paul Christopher Scott,"    :
 a/k/a "Presi,"                     :
 a/k/a "General,"                   :
 a/k/a "President"                  :
 a/k/a "Duddus,"                    :
 a/k/a "Shortman,"                  :
                                    :
                    Defendant.     :
- - - - - - - - - - - - - - - - - -x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #._____
DATE FILED: 2/19/09

### COUNT ONE

(Conspiracy to Distribute Marijuana and Cocaine)

       The Grand Jury charges:

       1.   From at least in or about 1994, up to and including in or about October 2007, in the Southern District of New York and elsewhere, CHRISTOPHER MICHAEL COKE, a/k/a "Michael Christopher Coke," a/k/a "Paul Christopher Scott," a/k/a "Presi," a/k/a "General," a/k/a "President," a/k/a "Duddus," a/k/a "Shortman," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

       2.   It was a part and an object of the conspiracy that CHRISTOPHER MICHAEL COKE, a/k/a "Michael Christopher Coke," a/k/a

"Paul Christopher Scott," a/k/a "Presi," a/k/a "General," a/k/a "President," a/k/a "Duddus," a/k/a "Shortman," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

   3. It was further a part and an object of the conspiracy that CHRISTOPHER MICHAEL COKE, a/k/a "Michael Christopher Coke," a/k/a "Paul Christopher Scott," a/k/a "Presi," a/k/a "General," a/k/a "President," a/k/a "Duddus," a/k/a "Shortman," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

### Means and Methods of the Narcotics Conspiracy

   4. Among the means and methods by which CHRISTOPHER MICHAEL COKE, a/k/a "Michael Christopher Coke," a/k/a "Paul Christopher Scott," a/k/a "Presi," a/k/a "General," a/k/a "President," a/k/a "Duddus," a/k/a "Shortman," the defendant, and his co-conspirators would and did carry out the narcotics

conspiracy were the following:

      a. Since in or about the early 1990s, COKE has controlled the Tivoli Gardens area, a neighborhood in inner-city Kingston, Jamaica. Tivoli Gardens is a "garrison" community, a barricaded neighborhood guarded by a group of armed gunmen. These gunmen act at COKE's direction. COKE arms them with firearms he imports illegally, via a wharf located adjacent to Tivoli Gardens. COKE also distributes firearms to other area leaders of other sections of Kingston, Jamaica.

      b. The members of COKE's organization, known as the "Shower Posse," and also as "Presidential Click," (the "Organization") reside in Tivoli Gardens, other areas of Jamaica, and in other countries, including the United States. From at least in or about 1994, members of the Organization have been involved in drug trafficking in the New York area, Kingston, Jamaica and elsewhere. The Organization members have sold narcotics, including marijuana and crack cocaine, at COKE's direction and on his behalf. They have then sent the proceeds of the drug sales to COKE in Jamaica, in the form of cash and/or goods. Organization members rely on COKE to assist them in their drug businesses here in the United States and in other countries. Because of COKE's international power and influence, COKE is able to provide protection to Organization members involved in drug trafficking and other illegal activities, in the United States and elsewhere. Organization members in the United States

routinely seek COKE's advice and approval for various matters relating to the sales of narcotics, including how to resolve conflicts with other Organization members.  The members of the Organization commonly send cash and goods, including clothing and electronics to COKE as "tribute" payments, in recognition of his leadership and his assistance.

    c. In addition to providing COKE with a portion of the proceeds from their drug trafficking activities, and "tribute" payments, members of the Organization in the United States supply COKE with firearms in exchange for the assistance that COKE provides, and in recognition of his status and power within the Organization.  Organization members purchase firearms in the United States and ship those firearms to Jamaica.  Once those firearms arrive in Jamaica, COKE decides how and to whom they will be distributed.  COKE's access to firearms, as well as cash, serves to support and increase his authority and power in Kingston, Jamaica and elsewhere.

OVERT ACTS

    5. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. In or about 1995, a co-conspirator not named as a defendant herein ("CC-1") sold crack cocaine in the Bronx, New York, that was carried to New York from Jamaica at the

direction of CHRISTOPHER MICHAEL COKE, a/k/a "Michael Christopher Coke," a/k/a "Paul Christopher Scott," a/k/a "Presi," a/k/a "General," a/k/a "President," a/k/a "Duddus," a/k/a "Shortman," the defendant.

      b.   On or about April 3, 2007, COKE, the defendant, had a telephone conversation with three co-conspirators not named as a defendant herein ("CC-2," "CC-3," and "CC-4") concerning firearms that CC-2 and CC-3 had delivered to CC-4 so that CC-4 could ship those firearms from the United States to COKE in Jamaica.

      c.   On or about April 11, 2007, COKE, the defendant, had a telephone conversation with CC-2 in which CC-2 and COKE discussed the terms of an arrangement whereby CC-2 would distribute marijuana for COKE, in the New York area.

      d.   On or about April 12, 2007, COKE, the defendant, had a telephone conversation with a co-conspirator not named as a defendant herein ("CC-5"), about the sale of marijuana pursuant to the arrangement discussed in paragraph c, above.

      e.   On or about April 21, 2007, COKE, the defendant, had a telephone conversation with a co-conspirator not named as a defendant herein ("CC-6"), about handguns that CC-6 was trying to obtain in the United States, to be sent to COKE in Jamaica.

      f.   On or about May 8, 2007, COKE, the defendant, had a telephone conversation with CC-5 in which COKE and CC-5

discussed the distribution of numerous firearms provided by CC-2, CC-3, and CC-4 that had recently arrived in Jamaica.

   g. On or about May 9, 2007, COKE, the defendant, had a telephone conversation with CC-6 about CC-2's attempt to collect a drug-related debt from another individual.

   h. On or about May 10, 2007, CC-5 had a telephone conversation with CC-2 in which CC-5 requested that CC-2 send profits of his marijuana business to Jamaica for the Organization and CC-2 asked CC-5 for help in collecting a drug debt from the individual referenced in paragraph g, above.

   i. In or around May 2007, CC-2 attempted to recover the drug debt from the individual referenced in paragraph h, above, in the Bronx, New York.

   j. On or about June 21, 2007, two co-conspirators not named as defendants herein ("CC-7" and "CC-8"), possessed approximately $239,985 in United States currency, given to them as payment for approximately 600 pounds of marijuana previously supplied to CC-2.

   k. On or about August 1, 2007, two co-conspirators not named as defendants herein ("CC-7" and "CC-8"), possessed over 400 pounds of marijuana, which had previously been in the possession of CC-2.

   l. On or about October 29, 2007, COKE and a co-conspirator not named as a defendant herein ("CC-9"), discussed the possibility that they had been indicted and whether they had

been charged with marijuana or cocaine trafficking.

(Title 21, United States Code, Section 846.)

COUNT TWO

(Firearms Trafficking Conspiracy)

The Grand Jury charges:

6.   From at least in or around 1994, up to and including in or around October 2007, in the Southern District of New York and elsewhere, CHRISTOPHER MICHAEL COKE, a/k/a "Michael Christopher Coke," a/k/a "Paul Christopher Scott," a/k/a "Presi," a/k/a "General," a/k/a "President," a/k/a "Duddus," a/k/a "Shortman," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, a violation of Title 18, United States Code, Section 922(a)(1)(A).

7.   It was a part and an object of the conspiracy that CHRISTOPHER MICHAEL COKE, a/k/a "Michael Christopher Coke," a/k/a "Paul Christopher Scott," a/k/a "Presi," a/k/a "General," a/k/a "President," a/k/a "Duddus," a/k/a "Shortman," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, not being licensed importers, licensed manufacturers, and licensed dealers, would and did engage in the business of dealing in firearms, and in the course of such business would and did ship, transport, and receive firearms in interstate commerce, in violation of Title 18, United States Code, Section 922(a)(1)(A).

## OVERT ACTS

8.  In furtherance of the conspiracy and to effect the illegal object thereof, the defendants committed the following overt acts, in the Southern District of New York and elsewhere:

   a.  The allegations in Overt Acts b, e and f in paragraph 5 of Count One of this Indictment are re-alleged and incorporated by reference as though fully set forth herein;

   b.  In early 2007, in the Bronx, New York, CC-2 had a conversation with CC-6 concerning the methods by which CC-6 had sent firearms to COKE, the defendant, in Jamaica.

## FORFEITURE ALLEGATION

9.  As a result of committing the controlled substance offense alleged in Count One of this Indictment, CHRISTOPHER MICHAEL COKE, a/k/a "Michael Christopher Coke," a/k/a "Paul Christopher Scott," a/k/a "Presi," a/k/a "General," a/k/a "President," a/k/a "Duddus," a/k/a "Shortman," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

Substitute Asset Provision

10. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property. (Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

_____  
FOREPERSON

_____  
LEV L. DASSIN  
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

CHRISTOPHER MICHAEL COKE,
a/k/a "Michael Christopher Coke,"
a/k/a "Paul Christopher Scott,"
a/k/a "Presi,"
a/k/a "General,"
a/k/a "President"
a/k/a "Duddus,"
a/k/a "Shortman,"

Defendant.

**SEALED**
**INDICTMENT**

S15 07 Cr. 971 (RPP)

(21 U.S.C. § 846; 18 U.S.C. § 371,
922(a)(1)(a))

LEV L. DASSIN
Acting United States Attorney.

**A TRUE BILL**

*Foreperson*