LAW OFFICES OF
STEPHEN H. ROSEN, P.A.
Professional Association
Suite 205
100 Almeria Avenue
Coral Gables, Florida 33134

STEPHEN H. ROSEN, ESQUIRE                TELEPHONE: (305) 448-9900
E-MAIL: attnyrosen@aol.com                FAX: (305) 448-9337

March 12, 2012

*VIA ECF*

U.S. District Judge Robert P. Patterson
U.S. District Court, Southern District of NY
500 Pearl Street
New York, New York 10007

    RE:    United States v. Christopher Michael Coke
            CASE NO: 07-CR-00971 (RPP)

Dear Honorable U.S. District Judge Patterson:

This Memorandum is submitted both to address those facts which would warrant consideration for a downward departure under 18 U.S.C. § 3553(a) and rebuke the prejudicial allegations of rape and murder contained in the Government's Sentencing Memorandum dated February 22, 2012. By this letter, counsel do not seek to repudiate the stipulations of the parties contained in Defendant Coke's plea agreement executed on August 30, 2011. Also, the Court should note that by agreement of the parties, section 3553(a) is not part of the plea agreement and thus either side is free to comment on these issues.

Since *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and its progeny, the landscape of federal sentencing has dramatically changed. The courts are now required to consider the Sentencing Guidelines as merely "advisory." At sentencing, each district judge is empowered to impose an appropriate sentence after consideration of all of the factors listed in § 3553(a). In accordance with § 3553(a), the sentence should be "sufficient, but not greater than necessary to comply with the purpose of the sentencing." Accord, United States v. Cavera 550 F.3d 180, 189 (2d Cir. 2008).

NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE
HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Counsel will focus upon those issues of fact raised by the Government which are particularly offensive in terms of Coke's personal character. The Government's Sentencing Memorandum presents Coke as a murderous scoundrel, whose evil knows no bounds. At pages 5 and 6 of its Memorandum, the Government alleges that Coke murdered three individuals, one by chainsaw. When this claim is viewed in conjunction with unsolicited letters of various Jamaican nationals who wrote to the Court with allegations of gang rape, domestic slavery, and torture of women by hot irons and being fed to crocodiles, it is difficult to imagine how even the most temperate of judges would not be severely inflamed against the defendant. However, deeper into its Memorandum, at page 22, the Government casually remarks that as to Coke's involvement in these alleged crimes, the Government "has no independent information about the particular incident[s] but such graphic and disturbing details appear unlikely to be fabricated...". Coke disputes these allegations as fabricated and invokes his right to due process of law. Because of these and other scurrilous allegations that have severely prejudiced his sentencing posture under §3553(a), Coke hereby requests a *Fatico* hearing to determine the truthfulness of these uncorroborated and unsubstantiated criminal charges. *See United States v. Fatico*, 603 F.2 1053(2d Cir. 1979).

Along the same vein, the Government in its Memorandum at pages 12 and 13 contends that "by the arming of a crew of loyal soldiers Coke was able to impose a brutal form of discipline and order in the community." The Government's implication is that Coke trafficked in hundreds of firearms to oppressively control the inhabitants of Tivoli Gardens. Counsel have reviewed over 50,000 telephone calls from 2004 thru 2008, which were intercepted from the telephones of either Coke or alleged co-conspirators. These telephone calls were intercepted in Jamaica from illegally obtained wiretaps by a joint American and Jamaican law enforcement effort. Except for several calls (involving approximately four handguns) that took place in April of 2007 between the Government's confidential informant, Hughie Gray, and a unindicted coconspirator, counsel have not been provided with any other 3500 material where gun trafficking was evidenced.

To contradict the above allegations with regard to his character, Coke submitted a lengthy letter to the Court dated September 7, 2011 which outlines the many charitable and community endeavors Coke undertook on behalf of the Jamaican community in Tivoli Gardens . Counsel would note that none of these endeavors

by Coke in Tivoli Gardens has been refuted by the Government. *See* Government's Sentencing Memorandum at 8 & 24.  In addition, counsel have submitted to the Court petitions and letters of recommendation signed by hundreds of residents, family, and friends of Coke's community asking for leniency.   The common thread running through these letters is that Coke was able to bring rival political communities together without violence, bring hope and prosperity to the lives of the downtrodden, and give support, assistance and a better way of  life to the residents of Tivoli Gardens. The sentiments expressed in these letters more than outweigh the unfounded allegations made against him by the letters referenced by the Government.  The PSR in paragraphs 80-88 also speaks to Coke's love of family and community.

## THE  SENTENCE

In order to effect the above-quoted requirement of § 3553(a) that a sentence be no greater than necessary to achieve its end, it is recommended that the Court sentence Coke to CONCURRENT sentences on each count.  Coke has never been charged with any crimes in his own country. Some may believe his extradition was politically motivated.  Indeed, the results of the last election returned the PNP to power over Coke's political party, the JLP.

In conclusion, counsel request that the Court order a *Fatico* hearing to determine the truth of the allegations set forth in the PSR and the Government's  Sentencing Memorandum and that sentence be imposed in accordance with the defendant's arguments and authorities stated above.

                                        Respectfully submitted,

                                        S/_____
                                            Stephen H. Rosen

        and

                                        S/_____
                                          Frank A. Doddato
                              666 Old Country Road, Suite 501
                              Garden City, New York 11530