UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                    No. 07-CR-971-LTS

CHRISTOPHER MICHAEL COKE,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received and reviewed Mr. Coke's Motion for Compassionate Release pursuant to 18 U.S.C. section 3582 (docket entry no. 473), and the parties' subsequent briefing (docket entry nos. 475, 479). Mr. Coke seeks a reduction of his sentence to time served and release to Immigration and Customs Enforcement for deportation. (Docket entry no. 479.) The Court has reviewed all of the submissions carefully.

Mr. Coke seeks an order directing his compassionate release under 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through Pub. L. 116-282).[1]  The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.  The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

> Section 3553(a) directs that the Court
>
> shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; . . . to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . [and] the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C.A. § 3553(a) (Westlaw through Pub. L. 116-282).  As reflected in the transcript of Mr. Coke's sentencing hearing, the sentencing judge considered these factors in determining the sentence imposed on June 8, 2012.  (Docket entry no. 335.)  Most of these factors remain unchanged.  The nature and circumstances of his offenses remain very serious, as Mr. Coke pled guilty to racketeering conspiracy and conspiracy to commit assault with a dangerous weapon in

---

[1]  Mr. Coke has exhausted his administrative remedies.  In June 2020, Mr. Coke requested that the Warden of FCI Fort Dix reduce his sentence.  (Docket entry no. 475, at n.2.)  That request remains pending.  (Id.)

aid of racketeering. (Docket entry no. 388.) His conduct in connection with his offenses was particularly brutal: at the evidentiary hearing held in connection with his sentencing, the Government's witness testified that Mr. Coke dismembered and decapitated one victim with a power saw (docket entry no. 380, at 103-105) and killed two others with a small axe (id. at 108, 122). The Court sentenced Mr. Coke to 276 months of imprisonment and, upon remand, two years of supervised release on the first count of conviction and one year of supervised release on the second count of conviction, to run concurrently. (Docket entry no. 427.) Mr. Coke has served approximately half of his sentence. (Docket entry no. 473, at 2; 475, at 2.)

In support of his argument that the section 3553(a) factors now present an extraordinary and compelling reason warranting a sentence reduction to time served, Mr. Coke proffers that the COVID-19 virus poses a risk of infection and serious complications were he to serve the remainder of his sentence in custody due to his medical conditions and the infection rate at FCI Fort Dix where he is held. He further argues that the conditions of his confinement have been far harsher than the Court anticipated when imposing the sentence and that requiring him to serve the sentence imposed would create a disparity compared to the sentences imposed upon his co-defendants.

Having considered the section 3553(a) factors in light of the changed circumstances proffered by Mr. Coke, the Court finds that the risks posed by COVID-19 and the more onerous conditions of his confinement do not present an extraordinary and compelling reason for a reduction of his 276-month sentence, which remains sufficient and no greater than necessary to accomplish the goals of sentencing. Mr. Coke committed terribly dangerous crimes, trafficking narcotics and firearms internationally, and engaged in brutally violent conduct to control Tivoli Gardens. The sentencing judge concluded that a custodial sentence of 276 months

was necessary to punish Mr. Coke adequately for this extremely dangerous conduct, protect the public, deter Mr. Coke and others from engaging in this kind of violent behavior, and promote respect for the law.  This sentence reflected not only the nature of the offense, but Mr. Coke's role as the leader of the criminal organization, which distinguished him from his co-defendants and continues to warrant a more significant custodial sentence.

Today, Mr. Coke is 52 years of age and has hypertension and pre-diabetes. (Docket entry nos. 475, Ex. A; 479, at 5.)  The CDC has found that hypertension "might" increase the risk of contracting or suffering severe complications from COVID-19, but does not include pre-diabetes among the listed risk-enhancing medical conditions.  See People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 4/21/21).  There are COVID-19 infections at FCI Fort Dix, with six current infections among inmates and 40 infections among staff.  See COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited 4/21/21). However, the data show that more than 1800 inmates have recovered from COVID-19 at FCI Fort Dix, id., including Mr. Coke himself.  (Docket entry no. 475, Ex. A.)  These facts militate against the conclusion that the BOP has been unable to control the COVID-19 pandemic at that facility.  As Mr. Coke concedes (docket entry no. 473, at 4), the BOP is monitoring and managing his health conditions (see docket entry no. 475, Ex. A).  Furthermore, the COVID-19 vaccine continues to be made available to inmates in BOP custody.  The current state of COVID-19 infections at FCI Fort Dix and the BOP's current rollout of vaccinations to inmates as well as staff members, combined with the fact that Mr. Coke's medical conditions do not place him among those most at risk from the virus, leads the Court to conclude that the medical risks an infection would pose were Mr. Coke to again contract the virus do not present so extreme a risk

as to constitute an extraordinary and compelling reason warranting a nearly 50% reduction of the sentence that the Court imposed to protect the public, effectuate specific and general deterrence, and provide just punishment.

Nor does the increased severity of the conditions of Mr. Coke's confinement present an extraordinary and compelling reason for a sentence reduction. The conditions of custody are certainly harsher than the Court anticipated. However, every federal inmate sentenced prior to the pandemic has been subject to the same unexpected increase in severity of the conditions of their confinement, and every federal inmate experiences substantially the same limitations on their ability to practice personal hygiene and social distancing. The changes in Mr. Coke's confinement conditions therefore are not extraordinary, nor do they outweigh the continued need for Mr. Coke to remain in custody for the duration of his sentence as originally imposed in order to protect the public, provide specific and general deterrence, and establish adequate and just punishment.

For the reasons stated above, Mr. Coke has not carried his burden of demonstrating that an extraordinary and compelling set of circumstances warrants compassionate release. Accordingly, Mr. Coke's motion for a reduced sentence pursuant to 18 U.S.C. section 3582 is denied. The Court will also enter an Order on Motion for Sentence Reduction under 18 U.S.C. section 3582(c)(1)(A) (Compassionate Release).

This Memorandum Order resolves docket entry number 473.

SO ORDERED.

Dated: New York, New York
April 22, 2021

                                                       ___/s/ Laura Taylor Swain__
                                                       LAURA TAYLOR SWAIN
                                                       Chief United States District Judge